FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

JUL  2 2010

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

**UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **MARK DAVIS, individually and on behalf of persons similarly situated,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| **v.** | ) )  2:10-CV-0122 -WCO |
| **UTILI-COMM SOUTH, INC. a Georgia corporation,** | ) ) ) |
| **Defendant.** | ) ) ) |

## COMPLAINT

1.     Plaintiff, MARK DAVIS, (hereinafter referred to as "Plaintiff"), was an employee (despite being misclassified as an independent contractor) of Defendant, UTILI-COMM SOUTH, INC., a Georgia corporation, and brings this action on behalf of himself and other current and former similarly situated employees for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).  Upon information and belief, Defendant does business in multiple locations in the United States including Illinois, Indiana, and Kentucky.  This action is intended to encompass any and all such locations.

2.     During his employment, Plaintiff, MARK DAVIS, was employed as a cable technician.

3.     Defendant, UTILI-COMM SOUTH, INC., is a Georgia corporation, with a principal place of business in Gainesville, Georgia, which is within the jurisdiction of this Court.

4.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).  At all times pertinent to this Complaint, Defendant, UTILI-COMM SOUTH, INC., was an enterprise engaged in commerce or in the production of goods for commerce as defined § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s), with revenue in excess of $500,000.00.

5.     During Plaintiff's employment with Defendant as a cable technician, Defendant misclassified Plaintiff as an independent contractor, although Defendant set Plaintiff's work schedule, controlled his earnings, assigned Plaintiff's routes, and Plaintiff was required to wear Defendant's designated uniform.

6.     Plaintiff's primary duties were of a non-exempt nature and included installing and repairing cable, telephone, and internet service for Defendant's customers.

7.     Plaintiff was compensated on a piece rate basis for the work he performed.  However, Plaintiff was not paid time and one-half of his regular rate of

pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks in violation of 29 U.S.C. § 201-209.

8.     Other employees misclassified as contractors are also similarly situated and were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks in violation of 29 U.S.C. § 201-209.

9.     The additional persons who may become Plaintiffs in this action are current and former cable technicians, however titled, who worked overtime hours but did not receive time-and-a-half wages for their overtime hours worked on or after June 2007.

10.     The records, if any, concerning the number of hours actually worked by Plaintiff and other similarly situated employees, and the compensation actually paid to them are in the possession and custody of Defendant.

11.     Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

12.     Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 11 above.

13.     Plaintiff and all the other similarly situated employees, including those misclassified as independent contractors, are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

14.     By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff and all the others similarly situated have suffered damages plus incurred costs and reasonable attorney's fees.

15.     As a result of Defendant's willful violation of the Act, Plaintiff and the others similarly situated are entitled to liquidated damages.

16.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, MARK DAVIS, and the others similarly situated, demand judgment against Defendant, UTILI-COMM SOUTH, INC., for the payment of all overtime hours at one and one-half times their regular rate of pay for the hours they worked for which they have not been properly compensated, liquidated damages, reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Respectfully submitted this 1st day of July, 2010.

[SIGNATURE ON FOLLOWING PAGE]

WEINSTOCK & SCAVO, P.C.

Louis R. Cohan
Georgia State Bar No. 173357
Elizabeth A. Frey
Georgia State Bar No. 276899
3405 Piedmont Road, NE
Suite 300
Atlanta, Georgia 30305
(404) 231-3999
(404) 231-1618
*Attorneys for Plaintiff*


Gregg I Shavitz
Florida Bar No. 11398
(motion for *pro hac vice* admission to be filed separately)
Email: gshavitz@shavitzlaw.com
Camar R. Jones
Florida Bar No. 720291
(motion for *pro hac vice* admission to be filed separately)
Email: cjones@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
*Attorneys for Plaintiff*