UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MARK DAVIS, individually and on behalf of persons similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>UTILI-COMM SOUTH, INC., a Georgia Corporation,<br><br>            Defendant. | Case No. 2:10-CV-0122-WCO<br><br>Judge William C. O'Kelley |

## SETTLEMENT AGREEMENT AND GENERAL RELEASES

Plaintiffs, MARK DAVIS ("Davis"), JOSHUA ENGELKE ("Engelke"), and BOBBY FINLEY ("Finley"), ("Plaintiffs"), and Defendant, UTILI-COMM SOUTH, INC. ("Defendant"), hereby agree upon this settlement ("Settlement" or "Agreement") of all issues involved in the above-styled case as follows:

### Recitals and Definitions

a. The "action" shall mean Mark Davis v. Utili-Comm South, Inc., case number: 2:10-CV-0122-WCO, pending in the United States District Court for the Northern District of Georgia.

b. "Plaintiffs" shall mean, DAVIS, ENGELKE, FINLEY and their respective heirs, executors, administrators, agents, distributees, attorneys, beneficiaries, successors in interest and assignees.

c. Defendant, shall include UTILI-COMM SOUTH, INC., its predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and its past, present and future shareholders, officers,

directors, supervisors, managers, employees, agents, attorneys and representatives, in their individual and official capacities, and their heirs and legal representatives.

## Agreement and General Releases

Each and every recital above is fully and expressly incorporated herein.

1. The parties hereto recognize that Defendant does not admit, but rather, specifically denies, any liability to Plaintiffs, or to anyone else as a result of or growing out of matters set forth in the pleadings of the Plaintiffs in the above-entitled cause. The Parties agree that neither this Agreement and General Release nor the furnishing of the consideration for this Agreement and General Release shall be deemed or construed at any time for any purpose as an admission by Defendant of wrongdoing or evidence of any liability or unlawful conduct of any kind.

2. Defendant agrees to pay, and Plaintiffs and their attorneys agree to accept, the total sum of Nineteen Thousand Nine Hundred Ninety Nine and 00/100 dollars ($19,999.00), which shall be delivered to counsel for Plaintiffs on or before December 17, 2010, and shall be paid as follows:

   a. Davis will receive $1,500.00, half of which represents back wages and half of which represents liquidated damages. Applicable deductions shall be withheld from the wage portion of the payment. Defendant will issue separate checks for the wages portion of the payment and the liquidated damages portion of the payment.

   b. Engelke will receive $1,500.00, half of which represents back wages and half of which represents liquidated damages. Applicable deductions shall be withheld from the wage portion of the payment. Defendant will issue separate checks for

      the wages portion of the payment and the liquidated damages portion of the payment.

  c. Finley will receive $1,000.00, half of which represents back wages and half of which represents liquidated damages. Applicable deductions shall be withheld from the wage portion of the payment. Defendant will issue separate checks for the wages portion of the payment and the liquidated damages portion of the payment.[1]

  d. One check payable to Shavitz Law Group, P.A. ("SLG") in the amount of $15,999.00.

The payment shall be timely made even if the Court has not approved the settlement by December 17, 2010. However, all four payments shall be held in escrow by SLG, and will not be disbursed until such time as the Court approves the settlement. Should the Court not approve the parties' proposed settlement, this agreement shall immediately become null and void, SLG shall return the payments to Defendant within five (5) days of the Court's order, and the parties shall return to their respective positions as of the day before the execution of this agreement. However, if the amount of attorney's fees is the primary reason the Court does not approve the parties' proposed settlement, the parties agree that the settlement is not automatically void, that the parties will negotiate in good faith to agree upon a new distribution of the settlement payments, and that the parties will re-apply to the Court for approval of the new distribution.

---

[1] The parties are aware that Bobby Finley has provided authority to both his counsel and the named Plaintiff to settle his claim. However, Mr. Finely has been unreachable. To facilitate settlement, the parties have agreed that Mr. Davis and Mr. Engelke and Utili-Comm will sign the agreement now. Then Defendant will send checks for the checks for Davis, Engelke, and SLG to SLG to be held in escrow pending court approval. Once the settlement is approved, the funds will be released from escrow, and the case will be dismissed as to Mr. Davis and Mr. Engelke with prejudice. Utili-Comm will hold the payments to Finley for a period of 90 days. If he signs the agreement within that 90 day period, Utili-Comm will send his payments to SLG to be held in escrow with the others pending approval of the settlement. If he does not sign the agreement within that period, Utili-Comm will retain the funds and the dismissal as to Finley will be without prejudice.

Defendant shall issue W-2's for the wages portions of the payments made to Plaintiffs and 1099's for the liquidated damages portions of the payments made to Plaintiffs and the payment made to SLG.

3. Plaintiffs agree to take all action necessary to have CIVIL ACTION FILE NO. 2:10-CV-0122-WCO withdrawn and dismissed against Defendant with prejudice.

4. In exchange for the Settlement Payment, and other good and valuable consideration, Plaintiffs hereby knowingly and voluntarily remise, acquit, release, satisfy and discharge, Defendant, its predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and its past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives, in their individual and official capacities, and their heirs and legal representatives, of and from, any and all claims and demands, past, present or future, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which Plaintiff and Plaintiff's heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees ever had or now have or in the future may have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by Plaintiffs in this action, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;

4

- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The Worker Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Family and Medical Leave Act;

- The Fair Labor Standards Act;

- The Equal Pay Act;

- The Indiana Civil Rights Law, Ind. Code § 22-9-1-1 *et seq.*;

- The Indiana Equal Pay Act, Ind. Code §§ 22-2-2-1 *et seq.*;

- The Indiana Handicap Discrimination Law, Ind. Code §§ 22-9-5-1 *et seq.*;

- The Indiana Discrimination Against Disabled Persons Act, Ind. Code §§ 910 3-1-1 *et seq.*;

- The Indiana provisions regarding retaliation/discrimination for filing a workers' compensation claim;

- The Indiana Wage Payment Law, Ind. Code §§ 22-2-4 *et seq.* and 220-2-5 *et seq.*;

- The Indiana Minimum Wage Law, Ind. Code §§ 22-2-2 *et seq.*;

- The Indiana Military Family Leave Law, Ind. Code §§ 22-2-13 *et seq.*;

- The Indiana Occupational Safety and Health Act, Ind. Code §§ 22-8-1-1 *et seq.*;

- The Indiana AIDS Testing Law, Ind. Code §§ 16-41-6-1 and 16-41-8-1 *et seq.*;

- The Indiana Smoker's Rights Law, Ind. Code §22-5-4-1 *et seq.*;

- The Indiana Whistleblower Protections, Ind. Code Ann. §§ 4-15-10 *et seq.*

- The Illinois Human Rights Act, 775 I.L.C.S. §§ 5/1-101 *et seq.*;

- The Illinois statutory provision regarding retaliation/discrimination for filing

5

a workers' compensation claim, 820 I.L.C.S. § 305/4(h);

- The Illinois Equal Pay Act, 820 I.L.C.S. §§ 110/1 *et seq.*;
- The Illinois Equal Wage Act, 820 I.L.C.S. §§ 112/1 *et seq.*;
- The Illinois Wage Payment and Collection Law, 820 I.L.C.S. §§ 110/1 *et seq.*;
- The Illinois Minimum Wage Law, 820 I.L.C.S. §§ 105/1 *et seq.*;
- The Illinois One Day Rest in Seven Act, 820 I.L.C.S. §§ 140/1 *et seq.*;
- The Illinois Eight Hour Day Act, 820 I.L.C.S. §§ 145/1 *et seq.*;
- The Illinois Family Military Leave Act;
- The Illinois Worker Adjustment and Retraining Notification Act, 820 I.L.C.S. §§ 65/1 *et seq.*;
- The Illinois Health and Safety Act, 820 I.L.C.S. §§ 225/1 *et seq.*;
- The Illinois Whistleblower Protection Act, 5 I.L.C.S. §§ 395/1 *et seq.* (public employers only);
- The Illinois Whistleblower Act – 740 ILCS §§ 174 *et seq.*;
- The Illinois School Visitation Rights Act, 820 I.L.C.S. §§ 147/1 *et seq.*;
- The Illinois AIDS Confidentiality Act, 410 I.L.C.S. § 305;
- The Illinois Right to Privacy in the Workplace Act, 820 I.L.C.S. §§ 55/1 *et seq.*;
- The Illinois Genetic Information Privacy Act, 410 I.L.C.S. §§ 513/5 *et seq.*;
- The Illinois Personnel Record Review Act, 820 I.L.C.S. §§ 40/0.01 *et seq.*;
- The Illinois Victims' Economic Safety and Security Act, 820 ILCS §§ 180/1 *et seq.*;
- The Smoke Free Illinois Act;
- If applicable, the Cook County Human Rights Ordinance, Cook County Code, §§ 42-30 *et seq.*;
- If applicable, the Chicago Human Rights Ordinance, Chicago Code, §§ 2-160-110 *et seq.*;
- any other federal, state or local law, rule, regulation, or ordinance;

6

- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action, or proceeding based on such a claim in which Defendant is a party.

5. In consideration of dismissal of this action, *with prejudice*, and other good and valuable consideration, Defendant, its predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and its past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives in their individual and official capacities, and its heirs and legal representatives, hereby remise, acquit, release, satisfy and discharge Plaintiffs, their heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assigneees, of and from, any and all claims and demands, past, present or future, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which defendant, its predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and its past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives have, or in the future may have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but

7

not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by Defendant against Plaintiffs, their heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assigneees in this action.

6. Plaintiffs' Affirmations: Plaintiffs agree that they have been paid for all hours worked and overtime and minimum wage compensation while employed or engaged as an independent contractor by Defendant, and agree that Defendant does not owe them any other monies with regard to their relationship with Defendant. Plaintiffs affirm that Plaintiffs have not filed, caused to be filed, or presently are a party to any claim against Defendant except CIVIL ACTION FILE NO. 2:10-CV-0122-WCO. Plaintiffs agree not to participate in any other actions against Defendant alleging similar claims as those alleged in this case. Plaintiffs affirm that Plaintiffs have been granted any leave to which Plaintiffs were entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws. Plaintiffs further affirm that Plaintiffs have no known workplace injuries or occupational diseases. Plaintiffs, upon information and belief, also affirm that Plaintiffs have not divulged any information that Defendant regards as confidential and proprietary, and as defined by common law, including, but not limited to customer lists, and that Plaintiffs will continue to maintain the confidentiality of such information. Plaintiffs further affirm that Plaintiffs have not been retaliated against for reporting any allegations of wrongdoing by Defendant or its officers, including any allegations of corporate fraud. Both Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiffs agree that if such an administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies. Plaintiffs affirm that Plaintiffs have returned all of Defendant's property, documents, and/or any confidential

information in Plaintiffs' possession or control. Plaintiffs also affirm that Plaintiffs are in possession of all of Plaintiffs' property that Plaintiffs may have had at Defendant's premises and that Defendant is not in possession of any of Plaintiffs' property.

7. As part of this Agreement, Plaintiffs specifically waive any present and future claim for reinstatement or employment with Defendant at any time in the future. Plaintiffs shall not apply in the future for employment with Defendant, any parent or subsidiary entity, any affiliate, any subsidiary, any division or subdivision, any operating division, any predecessor or successor, or any insurer because of, among other things, irreconcilable differences with Defendant. Defendant is under no obligation or duty to consider Plaintiffs for re-employment in the future.

8. Plaintiffs covenant and agree that they have and will continue to maintain in strict confidence the underlying facts leading up to or the existence or terms of this Agreement and shall not disclose such terms or conditions to any person, though Plaintiffs may provide this agreement to their attorney, provided they instruct their attorney(s) and inform them to maintain the confidentiality provided herein. Plaintiffs further agree not to discuss their claims and the issues related to or details of this settlement with any person, including current or former employees of Defendant. If any Plaintiff violates this Paragraph of the settlement agreement, Defendant has the right to void this agreement and demand repayment of all monies paid to the violating party under this agreement. Upon such demand by Defendant, the violating party must repay said monies within ten (10) days of Defendant's demand.

9. The Parties agree that the Court will retain jurisdiction to enforce the terms of this Agreement.

10. Defendant agrees not to disclose the existence or contents of this Agreement or the litigation underlying it to any prospective employer of Plaintiffs. If Defendant is contacted

by any prospective or current employer of Plaintiffs, they shall confirm dates of employment only, and job position, but shall not make disparaging remarks against Plaintiff.

11. In the event the parties seek to enforce the terms of this Agreement, the prevailing party shall be entitled to attorney's fees and costs, damages, and injunctive relief, if applicable.

12. This Agreement and General Release shall be governed and conformed in accordance with the laws of the state in which each Plaintiff worked at the time of each Plaintiff's respective last day of employment without regard to its conflict of laws provision. This Agreement shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, excluding the general release language, the remaining provisions shall continue in full force and effect notwithstanding.

13. It is further understood and agreed that the Settlement Payment, and the other good and valuable consideration provided for herein, are not mere recitals, but are the consideration for this Agreement and the full and final mutual general releases effected thereby. Plaintiffs understand and agree that Plaintiffs would not receive the monies and/or benefits specified above except for Plaintiffs' execution of this Agreement and the fulfillment of the promises contained herein.

14. Plaintiffs hereby represent and warrant that they have entered into this Agreement of their own free will and accord, and in accordance with Plaintiffs' own judgment, and after consultation with their attorneys. Plaintiffs and their counsel have made a full and independent investigation of all the facts and representations relating to this Agreement, the action, and release, and therefore Plaintiffs acknowledge they have not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendant, or on the part of Defendant's agents, attorneys, servants, employees or

10

representatives other than those specifically set out herein. Plaintiffs specifically state that they are executing this Agreement knowingly and voluntarily.

15. It is further agreed that each party shall bear their, its or his own costs and attorneys' fees, other than what is expressly set forth herein, incurred in the action and in handling the matters covered by this Agreement.

16. This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner.

17. For the purpose of implementing a full and complete general release, the parties expressly acknowledge that the releases given in this Agreement are intended to include in their effect, without limitation, claims that they did not know or suspect to exist in their favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based would materially have affected the settlement of this matter and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any unknown claims.

18. This Agreement cannot be modified, altered or changed except by a writing signed by all parties wherein specific reference is made to this Agreement.

19. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

20. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

11

**PLAINTIFFS ARE ADVISED THAT PLAINTIFFS HAVE 21 DAYS TO CONSIDER THIS AGREEMENT AND GENERAL RELEASE. PLAINTIFFS ARE ALSO ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.**

**PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFFS HAVE OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

**MARK DAVIS:**

Date: 12-10-10

_____
Plaintiff

13

JOSHUA ENGELKE:

Date: 12-10-10

_____
Plaintiff

14

**BOBBY FINLEY:**

Date: 12-24-10

_____
Plaintiff

15

As to SHAVITZ LAW GROUP, P.A.

Date: 12/13/2010

_____
Signature

_____
Title: Attorney

**As to Defendant:**
**UTILI-COMM SOUTH, INC.**

Date: 12-06-2010

_____
Signature

President
_____
Title